We see no cause to doubt the correctness of the opinion expressed by the judge on the trial. The sureties of the constable for the year 1833 were liable for any breach of his official duty committed during that year. If the notes put into his hands for collection before were afterwards and during that year still with him for collection, a culpable neglect then to collect them was a breach of duty, whether preceding breaches had or had not been committed. If preceding breaches had been committed, the person injured might have prosecuted the parties liable therefor, if he chose. But there was no obligation on him to do so. If the debtors had, before the year 1833, become (596) insolvent, this would have been a proper matter of defense for the sureties on the bond of 1833. Of the advantage of this defense they have not been deprived. The case, indeed, negatives the existence of it; for it states that the debtors remained solvent during that year, and in the fall of the year a part was collected from them by the constable, which was properly deducted by the jury in their estimate of damages.
PER CURIAM. Judgment affirmed.
Cited: Miller v. Davis, 29 N.C. 200.